# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN L. MURPHY, | CASE NO. 1:09-cv-00756-LJO-GSA PC |
| Plaintiff, | ORDER REMANDING ACTION TO KINGS COUNTY SUPERIOR COURT |
| v. | (Docs. 5 and 6) |
| N. LOPEZ, et al., | |
| Defendants. | |

Plaintiff Kevin L. Murphy is a state prisoner proceeding pro se in this civil action. On April 27, 2009, Defendants Lopez, Smith, Hartley, and Allison removed this action from the Kings County Superior Court on the ground that Plaintiff is alleging federal constitutional claims arising under 42 U.S.C. § 1983. 28 U.S.C. § 1441(b). On May 6, 2009, Plaintiff filed what he entitled an opposition to Defendants' notice of removal, and on May 29, 2009, Plaintiff filed a motion to remand.[1] Defendants did not file a response to either filing. Local Rule 78-230(m).

In his opposition, Plaintiff argues for remand because (1) his complaint is missing a page and incomplete, (2) he wishes to amend, and (3) his due process claim sounds in state law. In his motion to remand, Plaintiff argues that his complaint does not present a federal question, and instead, "as a whole," concerns state constitutional and administrative law claims, and negligence. (Doc. 6, p. 1.)

///

---

[1] Applying the prison mailbox rule, Plaintiff's May 29 motion to remand was filed on May 26, 2009. Douglas v. Noelle, 567 F.3d 1103, No. 06-35195, 2009 WL 1564235, *4-6 (9th Cir. 2009).

1

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," the removal statute is strictly construed against removal.[2] Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Duncan, 76 F.3d at 1485; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law," id., and existence of federal jurisdiction is determined by the complaint at the time of removal, Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979).

The Court has before it a twelve page complaint. In the form complaint portion, Plaintiff asserts the type of action is "constitutional," and his claims are "general negligence" and violation of "due process." (Doc. 1, Comp., court record pp. 8 & 10.) In the handwritten attachment, Plaintiff sets forth one claim, for violation of his right to due process.[3] (Id., court record p. 14.) The complaint does not specify whether the claim is brought for violation of state or federal constitutional law, or both.

Where a claim may be maintained under state and federal law, Plaintiff may assert only the state claim and ignore the federal claim. Duncan, 76 F.3d at 1485. It is Plaintiff's position that his due process claim is a state constitutional claim, and that he is not raising a federal claim. (Doc. 6,

---

[2] "At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

[3] In his May 6 filing, Plaintiff stated that the complaint is missing the attachment containing his negligence claim. However, the Court looks to the complaint at the time of removal. Libhart, 592 F.2d at 1065.

pp. 1-3.) Had Plaintiff made clear in his complaint the basis for his due process claim, removal could have been avoided in the first instance.  Nevertheless, the ambiguity of the basis for Plaintiff's due process claim must now be resolved in Plaintiff's favor.  <u>Shelley's Total Body Works, v. City of Auburn</u>, No C07-126P, 2007 WL 756205, (W.D.Wash. 2007); <u>Patterson v. Campbell</u>, No. 3:04-0586, 2006 WL 354974, *3 (M.D.Tenn. 2006); <u>Scott v. Primedia, Inc.</u>, No. Civ.A.3:04-CV-0680-D, 2004 WL 1179329, *2 (N.D.Tex. 2004).  The Court finds that it lacks subject matter jurisdiction over this action, and it shall be remanded to the Kings County Superior Court.

      Accordingly, it is HEREBY ORDERED that:

1.      Plaintiff's motion for remand is GRANTED;

2.      This action is REMANDED to the Kings County Superior Court; and

3.      The Clerk of Court SHALL serve a copy of this order on the Kings County Superior Court and to serve the parties in the customary manner.

IT IS SO ORDERED.

**Dated:   July 1, 2009**　　　　　　　　　　/s/ Lawrence J. O'Neill
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE